**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AFSHIN HOUSHMANDIMANLOO (A No. 226-164-421),<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-01861 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 1, 10) |

Afshin Houshmandimanloo is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 25, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 10.) The Court served the F&R on all parties and notified them that objections were due within seven days. (*Id*. at 15.) Neither party filed objections to the F&R, and the time to do so has passed. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes that the F&R is supported by the record and proper analysis.

Specifically, the Magistrate Judge found that Petitioner has a continuing liberty interest under the procedural due process clause of the Fifth Amendment. (Doc. 10 at 9–10.) The F&R appropriately considers the factors set forth in *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022), adopted by this Court in *Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK, 2026 WL 797694,

at *9–12 (E.D. Cal. Mar. 23, 2026) to the context of 8 U.S.C. § 1225(b)(1) prolonged detention. (Doc. 10 at 10–14.) Upon application of these factors, the F&R correctly concludes that Petitioner's now fourteen-month detention entitles him to a bond hearing where the government bears the burden of proving that Petitioner is a flight risk or danger to the community such that continued detention is warranted. (*Id*. at 11–14.)

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 10) issued May 25, 2026, is **ADOPTED IN FULL**.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge where the government bears the burden of demonstrating by clear and convincing evidence that the Petitioner is a flight risk or danger to the community if not arrested.

4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. The Clerk of Court is **DIRECTED** to serve a copy of this order at California City Detention Facility.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

UNITED STATES DISTRICT JUDGE

2